FILED
07/26/2023
Peg L. Allison
CLERK
Flathead County District Court
STATE OF MONTANA
By: Jennifer McMullen
DV-15-2023-0000870-NE
Allison, Robert B
1.00

Wayne Olson
GLACIER LAW FIRM, P.L.L.C.
165 Commons Loop, Ste 3
Kalispell, MT 59901
Tel. (406) 552-4343
Fax. (406) 730-5909
*Attorneys for Plaintiff*

**MONTANA ELEVENTH JUDICIAL DISTRICT COURT, FLATHEAD COUNTY**

| | |
|---|---|
| **GERRI SAVORY,**<br><br>         Plaintiff,<br><br>    v.<br><br>**WALGREEN CO. d/b/a WALGREENS #09242; JOHN DOES 1 – 3; and DOE BUSINESS ENTITIES 1 - 3,**<br><br>         Defendants. | Cause No.: _____<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Gerri Savory, by and through her counsel of record, Wayne Olson of Glacier Law Firm P.L.L.C., hereby complains and alleges as follows:

**COMMON FACTS, JURISDICTION, and VENUE**

1. Plaintiff, Gerri Savory (hereafter "Ms. Savory" or Plaintiff), is an individual and resident of Kalispell, Flathead County, Montana.

2. Defendant Walgreen Co., (hereafter "Walgreens" or Defendant), is registered with the Montana Secretary of State as a Foreign Profit Corporation formed in the State of Illinois.

3. Upon information and belief, Defendant Walgreen Co. registered Walgreens #09242 with the Secretary of State as an Assumed Business Name with the purpose of "RETAIL DRUG STORE W/SUNDRIES."

4. Defendant Walgreen Co. does business in Montana and has a registered agent in Helena, Montana.

5. Jurisdiction is proper in this Court as Defendant Walgreen Co. owns and operates several retail stores throughout Montana, including the Walgreens #09242 location where Plaintiff

sustained injuries. Defendant Walgreen Co. purposefully avails itself of the privilege of conducting business in this State and its contacts with Montana relate to Plaintiff's claims.

6. Venue is proper in this Court in that the incident from which this claim arose occurred in Kalispell, Flathead County, Montana.

7. Defendants John Does 1-3 and Doe Business Entities 1-3, at all times relevant herein, represent employees, supervisors, owners, agents, contractors, affiliates, parent entities, subsidiaries, and/or partners of Walgreen Co. whose identities and involvement, if any, are not presently known.

## COUNT I
## NEGLIGENCE
### (as to Walgreen Co.)

8. Plaintiff by reference incorporates the allegations set forth above as though fully restated herein.

9. On or about August 26, 2021, Ms. Savory sustained injuries when she tripped on the rug in the entryway of Walgreens #09242 in Kalispell, Montana.

10. Walgreen Co. owed a duty to Ms. Savory to maintain its premises in a reasonably safe condition.

11. Walgreen Co. owed a duty to Ms. Savory to maintain the entryway of its store in a reasonably safe condition for all foreseeable visitors.

12. Walgreen Co. owed a duty to Ms. Savory to warn of unreasonably dangerous or hazardous conditions on its premises.

13. Upon information and belief, Defendant Walgreen Co. knew or reasonably should have known, that the runner rug Ms. Savory tripped and fell on was not lying properly on the floor.

14. Upon information and belief, other customers had fallen prior to Ms. Savory's injury and Defendant Walgreen Co. had actual and constructive knowledge that the rug was not flush with

the floor and posed a hazard.

15. Defendant Walgreen Co. knew or reasonably should have known, that the curled up runner rug in the entryway posed an unreasonably dangerous tripping hazard.

16. Upon information and belief, Defendant Walgreen Co. failed to ensure the rug was sitting flush on the floor or take any measures to secure it and prevent it from curling up in the front.

17. Defendant Walgreen Co. did not warn Ms. Savory that the rug posed a tripping hazard.

18. Walgreen Co. breached its duties to Ms. Savory by failing to place the runner rug properly, warn her of the tripping hazard it posed, or remove it after, upon information and belief, individuals had fallen on it.

19. Walgreen Co.'s failure to warn Ms. Savory of the hazardous condition on the floor resulted in Ms. Savory suffering serious and permanent injuries.

20. Walgreen Co.'s failure to maintain its premises in a reasonably safe condition resulted in Ms. Savory suffering serious and permanent injuries.

21. Walgreen Co.'s failure to keep the premises in a reasonably safe condition and/or to warn Ms. Savory of the hazardous condition of the rug was the actual and proximate cause(s) of the injuries suffered by Ms. Savory.

22. The injuries sustained by Ms. Savory were caused solely by Walgreen Co.'s breach of its duties to Ms. Savory and other customers.

23. Ms. Savory has suffered injuries and incurred special damages as a result of Walgreen Co.'s negligence as follows:

    a. Ms. Savory has required medical treatment and anticipates the need for future medical treatment.

    b. Ms. Savory has and will continue to experience pain and suffering from her accident injuries.

    c.    Ms. Savory has and will suffer inconvenience and physical limitations as a result of her accident injuries.

    d.    Ms. Savory has suffered a loss of her established course of life, in that many of her normal well-established activities have been restricted and will continue to be restricted.

    e.    Ms. Savory has suffered and incurred other incidental and consequential damages.

    f.    Ms. Savory has and will lost wages from her accident injuries.

    g.    To the extent Defendant may claim that any pre-existing conditions are responsible for Ms. Savory's conditions, symptoms, limitations, and damages, Plaintiff affirmatively states that they were worsened/accelerated or otherwise unrelated and are unable to be apportioned.

24.    Ms. Savory has endured pain and suffering for which she is entitled to compensation under Montana Law.

## COUNT II
## NEGLIGENCE
### (as to John Does 1 – 3 and Doe Business Entities 1-3)

25.    Plaintiff hereby re-alleges the allegations set forth in counts 1 through 24.

26.    Defendant Walgreen Co.'s employees, owners, and affiliates had a duty to keep the premises of Walgreens stores in a reasonably safe condition.

27.    Defendant Walgreen Co.'s employees, owners, and affiliates had a duty to warn of any unreasonably dangerous or hazardous conditions that it knew or should have known of.

28.    Defendant Walgreen Co.'s employees, owners, and affiliates breached these duties and caused the injuries sustained by Plaintiff.

29.    Plaintiff hereby re-alleges the allegations set forth in counts 1 through 28, and also alleges alternatively that individuals or entities denoted as John Does 1-3 and Doe Business Entities 1-3 were negligent and responsible for injury to Ms. Savory. Plaintiff is uncertain as to the identity

of any others responsible for the maintenance of Walgreen Co.'s entrance where she was injured and, upon further discovery, will amend her complaint as appropriate and permitted by this Court.

**WHEREFORE**, Plaintiff prays for judgment against Walgreen Co. as follows:

1. For all general and compensatory damages proven and awarded by the jury or Court;

2. For all special damages proven and awarded by the jury or Court;

3. For Plaintiff's costs and disbursements in this action;

4. For all other damages allowed by law and awarded by the jury; and

5. For such other and further relief as the Court deems just and equitable under the circumstances.

DATED this 26th day of July 2023.

By:  GLACIER LAW FIRM, PLLC

/s/ Wayne Olson
Wayne Olson
165 Commons Loop, Ste. 3
Kalispell, MT 59901
*Attorneys for Plaintiff*